The allegations of negligence in the complaint are denied in the answer. In further defense of plaintiff's recovery, the defendants plead the contributory negligence of the plaintiff.

At the close of all the evidence at the trial the action was dismissed by judgment of nonsuit, and plaintiff appealed to the Supreme Court, assigning as errors the exclusion and the admission of certain evidence by the trial court, and the allowance of defendant's motion for judgment of nonsuit, at the close of all the evidence.

*H. L. Strickland* for plaintiff.
*Taliaferro & Clarkson* for defendant.

PER CURIAM. There was no error in the exclusion of evidence offered by the plaintiff, or in the admission of evidence offered by the defendants.

Conceding without deciding that there was evidence at the trial tending to show that defendants were negligent, as alleged in the complaint, we concur in the opinion of the trial court that all the evidence offered by the plaintiff, including her own testimony, shows that plaintiff, at least, contributed to her injuries by her own negligence. For this reason, there was no error in allowing defendant's motion for judgment as of nonsuit at the close of all the evidence, or in the judgment dismissing the action. See *King v. Thackers, Inc.,* 207 N. C., 869, 178 S. E., 95; *Clark v. Drug Co.,* 204 N. C., 628, 169 S. E., 217; *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488.

The judgment is
Affirmed.

---

COOPER & GRIFFIN, INC., v. OSAGE MANUFACTURING COMPANY.

(Filed 20 November, 1935.)

APPEAL by defendant from *Pless, J.,* at March Term, 1935, of GASTON.

This was an action to recover damages for breach of contract for purchase of two hundred bales of cotton.

It was admitted in the pleadings that defendant, a cotton manufacturing company, agreed to purchase from plaintiff cotton broker the cotton in question at a price, for delivery on 21 and 28 July, and that thereafter it was agreed that "shipments need not be made as required by the terms of the contract, but that if plaintiff would keep cotton

moving to the defendant's mill, it would be satisfactory so long as the mill was kept supplied."

The evidence was uncontradicted that from 4 August to 9 August, plaintiff shipped and defendant received and paid for 105 bales of cotton, and that plaintiff was ready, able, and willing to deliver the remaining 95 bales; that the mill requirements were 103 bales per week, and that on 9 August defendant had on hand sufficient cotton for five or six days' run. On 11 August defendant refused further shipments. Thereupon, plaintiff sold said 95 bales and sustained a loss of $1,071.42.

There was no controversy as to the amount involved.

The trial judge charged the jury if they found the facts to be as testified to answer the issues in favor of the plaintiff.

*P. W. Garland and Blythe & Bonham for plaintiff.*
*S. J. Durham for defendant.*

PER CURIAM. The only exception is to the judge's charge. In this we find no error.

The judgment is
Affirmed.

W. H. H. JONES, ADMINISTRATOR OF RUSSELL JONES, DECEASED, v. WALTER L. BAGWELL.

(Filed 20 November, 1935.)

APPEAL by plaintiff from *Daniels, J.,* at March Term, 1935, of WAKE.

Action to recover damages for wrongful death of plaintiff's intestate, alleged to have been caused by the negligence of defendant.

*J. L. Emanuel, Bart M. Gatling, and Sam J. Morris for plaintiff.*
*Douglass & Douglass and Simms & Simms for defendant.*

PER CURIAM. This case has been before this Court on two previous occasions, and is reported in 201 N. C., 831, and 207 N. C., 378, wherein judgments of nonsuit were reviewed.

It comes now upon plaintiff's appeal from an adverse verdict and judgment, after a trial on the merits. An examination of the record does not reveal any reversible error, either as to the admission of evidence or in the judge's charge.

The judgment of the court below is affirmed. There is
No error.